

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/20/2012

| | | |
|---|---|---|
| In re: § § **GULF COAST GLASS & ERECTION** § **CO., INC.,** § § Debtor. § § § | | Case No. 10-33933-H2-11 Chapter 11 |
| **STEVE SHURN,** **LIQUIDATING TRUSTEE** § § § v. § § **BOBBY G. GILBERT, SR.** § § § § | | ADVERSARY NO. 12-03145 |

**MEMORANDUM OPINION ON CREDITOR'S
MOTION FOR SUMMARY JUDGMENT**
[Adv. Doc. No. 17]

I. INTRODUCTION

The Liquidating Trustee (Liquidating Trustee) of the Gulf Coast Glass & Erection Co., Inc. d/b/a Vision Products & Designs Creditors' Liquidating Trust (Creditors' Trust) brought this preference action (the Avoidance Action) to recover avoidable transfers. Defendant Bobby G. Gilbert, Sr. (Gilbert) filed this Motion for Summary Judgment [Adv. Doc. No. 17], and the Liquidating Trustee has filed a response in opposition thereto. [Adv. Doc. No. 18]. This Memorandum Opinion contains the Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, as incorporated into Federal Rule of Bankruptcy Procedure 7052.

### C. *Res Judicata* Does Not Apply to the Avoidance Actions, and the Liquidating Trustee is Not Precluded From Pursuing this Post-Confirmation Adversary Proceeding

Gilbert argues that the Avoidance Action being pursued by the Liquidating Trustee is barred by *res judicata* because the Order supersedes the Plan and failed to reserve the Avoidance Action against Gilbert. For *res judicata* to apply: (1) the parties must be identical in both suits; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) there must have been a final judgment on the merits in the previous decision; and (4) the plaintiff must raise the same cause of action in both suits. *In re Texas Wyoming Drilling, Inc.*, 647 F.3d 547, 553 (5th Cir. 2011).

In *Texas Wyoming*, the debtor filed a motion for summary judgment arguing, *inter alia*, that the trustee's avoidance action was barred by *res judicata* because of the prior confirmation order entered by the court. *Id.* The Bankruptcy Court and District Court denied the motion. *Id.* On appeal, the Fifth Circuit held that "[r]es judicata does not apply here. The defendants have not pointed to a prior final judgment on the merits of the Avoidance Actions." *Id.* at 553. Likewise, this Court is faced with a similar situation.

In the suit at bar, Gilbert has failed to point to a prior judgment on the merits of the Avoidance Action, which is properly preserved in the Plan. As the Liquidating Trustee has emphasized, the modifications to the Plan made in the Order did not affect or even comment on Section 7.17 of the Plan—the section that expressly reserves the Avoidance Actions against Gilbert. [Finding of Fact Nos. 6, 11 & 19]. The Order did, however, modify Section 4.7.2 of the Plan, which deals with the *treatment* of Gilbert's claim. [Finding of Fact No. 6]. In fact, Article 4 of the Plan is titled "Classification and Treatment of Claims and Interests." [Finding of Fact No. 11]. Thus, the modifications made in the Order addressed the payment of Gilbert's valid and

Based on the findings of fact and conclusions of law, this Court denies the Motion for Summary Judgment. The modifications of the plan made in the order did not include a final judgment on the merits concerning the avoidance actions and thus do not preclude the Liquidating Trustee from pursuing those claims, including the claim against Gilbert. Further, the plan confirmed by this Court makes a specific and unequivocal reservation of the avoidance action against Gilbert. The language in the plan therefore passes muster under the requirements established by recent Fifth Circuit case law.

## II.  FINDINGS OF FACT

1. On May 7, 2010, Gulf Coast Glass & Erection Co., Inc. d/b/a Vision Products & Design (the Debtor) filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. On October 12, 2010, Gilbert filed an unsecured proof of claim in the amount of $447,225.00 (Claim No. 57), to which the Debtor did not object. [Trustee's Exhibit B at ¶4].

3. On June 28, 2011, the Liquidating Trustee filed the Second Liquidating Chapter 11 Plan (the Plan). [Main Case Doc. No. 359].

4. On July 15, 2011, Gilbert filed his objection to the Confirmation of Plan. Gilbert asserted that the Plan proposed treatment of his claim which favored the other unsecured creditors, and that the Liquidating Trustee had given Gilbert different treatment "to gerrymander affirmative votes." [Main Case Doc. No. 377].

5. On August 8, 2011, the Court entered a confirmation order (the Order), which resolved the objections made by Gilbert and other parties, and also confirmed the Plan. [Main Case Doc. No. 399-1].

6. In Paragraph 53 of the Order, the Court held that:

> The Plan is modified to incorporate the **treatment of Class 7** as set forth in ¶19 hereof and this Order supersedes the Plan with regards to the treatment of Class 7.

2

> The treatment of the Class 7 allowed Claim of Bobby Gilbert Sr. set forth herein above is approved and Bobby Gilbert Sr. has no claims against the Purchaser or Debtor.

[*Id.* at ¶53, p. 14] [emphasis added].

7. Paragraph 37 of the Order stated "that the Plan be authorized and approved in its entirety." [*Id.* at ¶37].

8. The Plan was attached to the Order. [Main Case Doc. No. 399-2].

9. The Plan allowed certain avoidance actions under Chapter 5 of the Bankruptcy Code to become property of the Creditors' Trust. [Trustee's Exhibit A at Doc. No. 399-1, p. 24, ¶8.2].

10. The reserved avoidance actions specifically identify Gilbert as the recipient of fifteen pre-petition transfers made by the Debtor (the Avoidance Actions). [Main Case Doc. No. 399-3, p. 33].

11. Article 4 of the Plan is titled "Classification and Treatment of Claims and Interests," which is the subject of the modifications to the Plan made in the Order. [Main Case Doc. No. 399-1, p. 12].

12. The Plan provides that "the Liquidating Trustee **shall** prosecute the Reserved Avoidance Actions against the parties listed on Exhibit "C", attached hereto." [Trustee's Ex. A at Doc. No. 399-1, p. 23] [emphasis added].

13. Paragraph 34 of the Order expressly releases several parties "from any and all causes of action held by the Debtor." Gilbert, however, was not among these parties. [Main Case Doc. No. 399-1, p. 10].

14. On March 19, 2012, the Liquidating Trustee brought a preference action against Gilbert (1) to recover avoidable transfers, and (2) for reconsideration and

3

disallowance of Gilbert's claim unless and until Gilbert disgorged the avoidable transfers. [Adv. Doc. No. 1].

15. The Liquidating Trustee filed his amended complaint on May 1, 2012. [Adv. Doc. No. 11].

16. On May 17, 2012, Gilbert filed a motion for summary judgment. [Adv. Doc. No. 17]. Gilbert maintains two arguments: (1) the Order supersedes the Plan and did not expressly preserve the avoidance claim brought against him, which is necessary for the Liquidating Trustee to pursue the claims; and (2) the Order is *res judicata* to the Liquidating Trustee's ability to bring the avoidance action or seek reconsideration and disallowance of his claim. [Motion for Summary Judgment at ¶9].

17. On June 08, 2012, the Liquidating Trustee filed a Response to Gilbert's Motion for Summary Judgment. [Adv. Doc. No. 18]. The Liquidating Trustee argues that the Plan was not superseded by the Order concerning the avoidance claim against Gilbert, and that the Plan meets the specific and unequivocal standard established by the Fifth Circuit. Thus, the Liquidating Trustee does have standing to pursue the claim against Gilbert. [Response to Motion for Summary Judgment at ¶7].

18. On June 15, 2012, the Court heard oral argument from counsel for both parties. First, Gilbert argued that the Order expressly superseded the Plan, and therefore, the Order was the operative document. [Tape Recording, 6/15/2012 Trial at 11:37:49 a.m.]. Next, Gilbert argued that the Order fails to preserve the avoidance action by specifically and unequivocally identifying Gilbert. [*Id.* at 11:38:04 a.m.]. Thus, he asserts, since the Order fails to use specific language preserving a claim against

4

Gilbert, the Liquidating Trustee is now barred from suing Gilbert. [*Id.* at 11:41:13 a.m.].

**19.** In her rebuttal, counsel for the Liquidating Trustee argued that the Plan preserves the avoidance action by specifically and unequivocally identifying Gilbert. [*Id.* at 11:42:50 a.m.]. According to the Liquidating Trustee, the Order only superseded the Plan concerning the *Treatment* of Class 7 Claims, not adversary actions preserved in the Plan. [*Id.* at 11:43:50 a.m.].

**20.** After listening to oral argument, the Court took the matter under advisement. The Court now issues its ruling through this Memorandum Opinion, which explains why the Court is denying Gilbert's motion for summary judgment.

### III. CONCLUSIONS OF LAW

#### A. Jurisdiction, Venue, and Constitutional Authority

1. Jurisdiction

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This particular dispute is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and (O), and the general "catch-all" language of 28 U.S.C. § 157(b)(2). *See In re Southmark Corp.,* 163 F.3d 925, 930 (5th Cir.1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."); *De Montaigu v. Ginther (In re Ginther Trusts)* Adv. No. 06–3556, 2006 WL 3805670, at *19 (Bankr. S.D.Tex. Dec. 22, 2006) (holding that an "[a]dversary [p]roceeding is a core proceeding under 28 U.S.C. § 157(b)(2) even though the laundry list of core proceedings under § 157(b)(2) does not specifically name this particular

circumstance"). Finally, this Court has jurisdiction over this dispute because the parties are requesting this Court to interpret the Order.

2. <u>Venue</u>

Venue is proper pursuant to 28 U.S.C. § 1409.

3. <u>Constitutional Authority to Enter a Final Order Regarding Gilbert's Motion for Summary Judgment</u>

The Supreme Court's decision in *Stern v. Marshall* recognized certain limitations on bankruptcy courts' authority to enter a final order. *Stern v. Marshall*, 131 S.Ct. 2594 (2011). Here, however, this issue is not present. The Court is denying Gilbert's motion for summary judgment, and such an order is not a final order. See *Truong v. Kartzman*, 513 F.3d 91, 93 (3d Cir. 2008) (stating that "an order in an individual adversary proceeding is not final unless it ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.").

**B. Summary Judgment Standard of Review**

Federal Rule of Civil Procedure 56(c) is applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056(c), and provides that summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Id.* at 252. The moving party carries the burden of showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All reasonable inferences must be drawn in favor of the nonmoving party. *Id.*

undisputed claim under the Plan (i.e. the treatment of his claim), but did nothing to affect the preservation of Avoidance Actions against Gilbert.

Paragraph 37 of the Order states the intent of the Court: "[T]hat the Plan be authorized and approved in its entirety." [Finding of Fact No. 7]. If the Court had intended to issue a final judgment on the merits concerning the Avoidance Actions against Gilbert, it would have done so. In fact, paragraph 34 of the Order *does release* many parties from any future Avoidance Actions. Gilbert, however, is not among those parties. [Finding of Fact No. 13].

Moreover, the modifications to the treatment of Gilbert's claim made in the Order originated due to the objections made by Gilbert over the treatment of his claim. [Finding of Fact No. 4]. These objections were focused upon the belief that Gilbert's claim was being given unfair treatment to secure votes from the other creditors. [*Id.*]. It follows that the modifications made in the Order were in response to this very specific objection—and had nothing to do with the Avoidance Actions preserved in the Plan. In sum, there was no final judgment on the merits in the Order that would preclude the Liquidating Trustee from pursuing the Avoidance Actions against Gilbert. The Order, therefore, did not supersede the Plan concerning the reservation of any Avoidance Actions against Gilbert. Accordingly, so long as the language in the Plan meets the "specific and unequivocal" requirements as articulated by the Fifth Circuit, the Liquidating Trustee is entitled to prosecute its suit against Gilbert.[1]

---

[1] There is no question that Gilbert contends the Order does not satisfy the "specific and unequivocal" requirement, but it is not entirely clear from the record whether Gilbert also contends that the language in Section 7.17 of the Plan fails to satisfy the "specific and unequivocal" requirement. Out of an abundance of caution, the Court will address this issue.

8

### D. The Plan Makes a Specific and Unequivocal Reservation of Avoidance Actions Against Gilbert

The Fifth Circuit has held that to preserve post-confirmation avoidance actions, the plan must be sufficiently "specific" and "unequivocal" in reserving such claims. *In re United Operating, LLC*, 540 F.3d 351, 354 (5th Cir. 2008).

In *In re United Operating, LLC*, a reorganized debtor brought a post-confirmation action against one of the creditors. *Id.* The creditor moved for summary judgment, arguing that the reorganized debtor lacked standing to pursue the post-confirmation claims because they had not been adequately preserved in the plan. *Id.* The plan made a blanket reservation of "any and all claims" arising under the Bankruptcy Code. *Id.* at 551. The United States Bankruptcy Court for the Western District of Texas granted summary judgment. *Id.* The District Court affirmed. *Id.* The Fifth Circuit also affirmed—holding that for a Debtor to preserve a claim post-confirmation, "the plan must expressly retain the right to pursue such actions," and the reservation must be "specific and unequivocal." *Id.* at 355. The generic language in the plan failed to meet this standard.

In 2011, this Court in *In re MPF Holding U.S. LLC*, 443 B.R. 736 (Bankr. S.D. Tex. 2011) interpreted the Fifth Circuit's requirement of specific and unequivocal language. In that case, the trustee filed a preference action against a creditor. *Id.* at 738. The creditor moved for summary judgment, arguing that the plan's language was not sufficient to preserve standing to prosecute the claims post-confirmation. *Id.* In the plan, while the defendant was individually listed as being subject to future claims, the plan merely stated that the claims "may exist." *Id.* at 749. This Court interpreted *United Operating* and determined that to be "specific" and "unequivocal," a plan must: (1) specifically name the individual defendants; (2) set forth the legal basis for the suit; and (3) specify that the defendants *will* be sued—not may be sued or

could be sued. *Id.* at 743. This Court granted summary judgment because, while the plan was sufficiently specific, it was not sufficiently unequivocal. *Id.* at 753.

Following *MPF*, the Fifth Circuit further clarified the standard in *Texas Wyoming*, 647 F.3d at 547. There, the debtor filed a post-confirmation suit against its former shareholders for alleged fraudulent transfers. *Id.* at 549. The United States Bankruptcy Court for the Northern District of Texas denied the shareholders' motion for summary judgment. *Id.* The shareholders appealed. *Id.* The issue here was again whether the language in the plan was sufficiently specific and unequivocal to preserve standing. *Id.* The language in the plan included the legal basis for the claims and the amount of each claim, and expressly provided that the debtor intended to pursue the claims—but the plan did *not* name the individual defendants. *Id.* at 551. However, the plan "did identify the prospective defendants as 'various pre-petition shareholders of the Debtor' who might be sued for 'fraudulent transfer and recovery of dividends paid to shareholders.'" *Id.* at 552. While the Fifth Circuit declined to comment on the situation where the plan fails to identify *any* prospective defendants, it found that the reference to the pre-petition shareholders was sufficiently specific. *Id.* Thus, the Fifth Circuit has clarified that the requirement of *MPF* that each defendant be individually identified is not necessary to meet the "specific" requirement of *United Operating*.

In the suit at bar, the language preserving the Avoidance Action against Gilbert meets even the most stringent standard expressed by this Court in *MPF*. First, Gilbert is expressly listed in Exhibit C of the Plan, along with fifteen preferential transfers that the Liquidating Trustee will pursue. [Finding of Fact Nos. 9 & 10]. Second, Section 7.17 of the Plan states that "the Liquidating Trustee shall prosecute the Reserved Avoidance Actions against the parties listed on Exhibit C." [Finding of Fact No. 12]. This language is specific because the individual

prospective defendant and the legal basis are both identified. Moreover, it is unequivocal because the Plan uses the word "shall" in indicating that these claims will absolutely be pursued. Thus, the Avoidance Action at issue in this case was properly reserved in the Plan and the Liquidating Trustee has standing to prosecute the claims against Gilbert.

### IV. CONCLUSION

The modifications of the Plan made in the Order do not include a final judgment on the merits concerning the Avoidance Actions and thus the Order does not preclude the Liquidating Trustee from pursuing those claims. And, the Plan makes a specific and unequivocal reservation of Avoidance Actions against Gilbert. The language in the Plan meets the standard expressed by this Court in *MPF*.

Gilbert has failed to carry his burden of showing that there is no genuine issue of material fact. There are indeed material fact issues, and they are as follows: (1) whether the transfers alleged in the complaint filed by the Liquidating Trustee against Gilbert were actually made by the Debtor to Gilbert; (2) whether the alleged transfers received by Gilbert were to or for the benefit of a creditor (i.e. Gilbert); (3) whether the alleged transfers were for or on account of an antecedent debt or debts owed by the Debtor to Gilbert before such transfer was made; (4) whether the alleged transfers were made while the Debtor was insolvent; (5) whether the alleged transfers were made on or within 90 days before the date of filing of the Debtor's petition; and (6) whether the alleged transfers enabled Gilbert to receive more than he would have received under all the following circumstances: (i) if the case had originally been filed under Chapter 7, (ii) if the transfers had not been made, and (iii) if Gilbert had received payment to the extent provided by the provisions of Title 11 of the United States Code.

For the foregoing reasons, the Motion should be denied. An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

Signed on this 20th day of July, 2012.

Jeff Bohm
Chief United States Bankruptcy Judge